**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DUPRÉ LOGISTICS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. _____** |
| | § | |
| **SHANNAN L. GREENBERG,** | § | **JURY DEMAND** |
| **LOGAN A. COFFMAN, and** | § | |
| **QUANTIX SUPPLY CHAIN** | § | |
| **SOLUTIONS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**COMPLAINT**

COMES NOW Plaintiff DUPRÉ LOGISTICS, LLC, a Louisiana limited liability company, by and through its undersigned attorneys, and for its Complaint against Defendants SHANNAN L. GREENBERG, LOGAN A. COFFMAN, and QUANTIX SUPPLY CHAIN SOLUTIONS, INC., state and allege as follows:

**OVERVIEW OF CAUSES OF ACTION**

1. This action arises under the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1831, *et seq.*)("DTSA"), the Texas Uniform Trade Secrets Act (Tex. Civ. Prac. & Rem. Code § 134A, *et seq.*) ("TUTSA"), and the common law of the State of Texas.

2. Plaintiff alleges Defendants unlawfully misappropriated, used, and disclosed for their own economic benefit valuable trade secrets owned by Plaintiff, and that Defendants unlawfully conspired between and among themselves to do so, all in violation of the DTSA and the

1

TUTSA.

3.      Plaintiff seeks to enjoin and restrain Defendants from further misappropriation, use, or disclosure of Plaintiff's valuable trade secrets, and for return thereof, pursuant to 18 U.S.C. § 1836(b)(3)(A) and Tex. Civ. Prac. & Rem. Code § 134A.003(a).

4.      Plaintiff also seeks damages for its actual loss caused by Defendants' misappropriation of Plaintiff's trade secrets, and for Defendant's unjust enrichment from their misappropriation to the extent it is not taken into account in computing actual loss, pursuant to 18 U.S.C. § 1836(b)(3)(B) and Tex. Civ. Prac. & Rem. Code § 134A.004(a).

5.      Plaintiff alleges said misappropriation by Defendants was willful and malicious such that exemplary damages should be assessed pursuant to 18 U.S.C. § 1836(b)(3)(C) and Tex. Civ. Prac. & Rem. Code § 134A.004(b).

6.      Plaintiff is entitled to an award of its reasonable attorney's fees pursuant to 18 U.S.C. § 1836(b)(3)(D) and Tex. Civ. Prac. & Rem. Code § 134A.005.

7.      Plaintiff further alleges Defendants Shannan L. Greenberg and Logan A. Coffman unlawfully breached their fiduciary duties of loyalty to Plaintiff imposed by Texas common law. While still actively employed by Plaintiff, they solicited other active employees of Plaintiff to resign their employment to take employment with Defendant Quantix Supply Chain Solutions, Inc., a direct competitor of Plaintiff. This solicitation resulted in the *en masse* departure of eight key employees from Plaintiff's Houston Branch Office to a direct competitor in the Houston area.

8.      Plaintiff further alleges Defendants Shannan L. Greenberg, Logan A. Coffman, and Quantix Supply Chain Solutions, Inc. unlawfully conspired between and among

2

themselves to solicit employees of Plaintiff to resign their employment with Plaintiff to take employment with Defendant Quantix Supply Chain Solutions, Inc., and thereby engaged in unlawful conspiracy to effect Greenberg and Coffman's breach of their fiduciary duties of loyalty to Plaintiff under Texas law.

9.  Defendants' breach of fiduciary duty loyalty to Plaintiff, and their unlawful conspiracy to do so, caused damage to Plaintiff that it now seeks to recover.

## JURISDICTION AND VENUE

10.  This Court has original jurisdiction over Plaintiff's cause of action under the DTSA pursuant to 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331.

11.  This Court should exercise supplemental jurisdiction over Plaintiff's related causes of action under the TUTSA and Texas common law pursuant to 28 U.S.C. § 1367(a) because those related causes of action arise out of the same facts and circumstances that give rise to Plaintiff's cause of action under the DTSA.

12.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside in this judicial district, and because all or a substantial part of the events giving rise to Plaintiff's claims alleged herein occurred in this judicial district.

## PARTIES

13.  Plaintiff Dupré Logistics, LLC ("Dupré") is a limited liability company organized and existing under the laws of the State of Louisiana, and registered to do business in the State of Texas. Dupré is engaged in the business of providing transportation logistics services.

14.  Defendant Shannan L. Greenberg ("Greenberg") is an individual residing in League City, Texas.

15. Defendant Logan A. Coffman ("Coffman") is an individual residing in Cypress, Texas.

16. Defendant Quantix Supply Chain Solutions, Inc. ("Quantix") is a corporation organized and existing under the laws of the State of Illinois. Quantix is registered to do business, and does business, in the State of Texas, with its principal place of business located in The Woodlands, Texas. Quantix is engaged in the business of providing transportation logistics services.

17. The Court has jurisdiction over the person of each Defendant by virtue of their presence in the State of Texas and in this judicial district.

## FACTS

18. Dupré provides transportation logistics and freight brokerage services to the public. It primarily operates as a broker of freight, acting as a "middleman" between shippers with freight to move and carriers with the capacity to move it. Dupré matches customers' shipments with available and willing carriers, then facilitates each stage of the carriage process from pick up to delivery.

19. Quantix provides substantially the same transportation logistics and freight brokerage services as Dupré. Quantix and Dupré are direct competitors in the transportation logistics and freight brokerage business, which is characterized by heavy competition among dozens of firms, price sensitivity, and thin margins.

20. Maintaining the confidentiality of critical business information plays an important role in successfully competing in the freight transportation and brokerage industry. Acquiring detailed knowledge of the operations and pricing of a competitor, especially in relation to a particular freight customer, would have a very high value to a competing firm as it would

allow that firm to use price undercutting and other favorable terms to lure business from the competitor.

21.     Dupré owns and operates a branch office in Houston, Texas, dedicated to acquiring and serving shippers located in the Houston area and elsewhere (hereafter "the Houston Branch Office"). The Houston Branch Office is staffed by a Branch Manager, a Load Coordinator, and several Account Managers and Senior Account Managers.

22.     On or about March 16, 2023, eight employees of Dupré working in its Houston Branch Office, including Defendants Greenberg and Coffman, resigned their employment with Dupré *en masse*. Each of those eight individuals immediately accepted employment with Quantix in the Houston area in positions that were substantially similar to the positions they held while employed by Dupré. This group of eight constituted the entire managerial and account-servicing staff of the Houston Branch Office.

23.     Dupré contends these individuals, while still employed by Dupré, colluded and conspired among themselves, and with Quantix, to resign their employment with Dupré *en masse* and accept employment with Quantix with the specific intent to unfairly engage in direct competition with Dupré through the use and disclosure of Dupré's own confidential and trade secret information, and they in fact did so.

24.     Dupré seeks to recover its damages suffered as a result of Defendants' use and disclosure of its confidential and trade secret information, and to enjoin and restrain further unlawful use and disclosure.

**Defendant Shannan L. Greenberg**

25.     Between December 30, 2019, and March 16, 2023, Greenberg was a regular, full-time

employee of Dupré.

26. At all relevant times, Greenberg was Branch Manager for Dupré's Houston Branch Office. As Branch Manager, she was given overall responsibility for managing the operations and personnel in the Houston Branch Office. This included managing the accounts of Dupré's freight customers and supervising the work of the Account Managers and Senior Account Managers who serviced those accounts on a day-to-day basis and who worked to acquire additional customers for Dupré.

27. Greenberg was responsible for adequate staffing of the Houston Branch Office; for the hiring, firing, and supervision of personnel; for managing the office's budget and operations; for acquiring new business and new freight customers for Dupré; and for serving the needs of existing freight customers.

28. Branch Manager is a position of trust and confidence, and Greenberg was given substantial leeway and discretion in her management of the Houston Branch Office and its employees.

29. For the performance of her job duties, Greenberg was given access to Dupré's confidential and trade secret information, including rates, pricing, expenses, customer lists, capabilities, business operations, and other information that could prove of value to Dupré's competitors. Greenberg was given responsibility for ensuring the protection and security of this information.

30. On March 16, 2023, Greenberg resigned her employment with Dupré. Within a matter of a few days, she accepted employment with Quantix, performing the same or substantially similar job duties as those she performed for Dupré, including the acquisition of new freight business and new freight customers for Quantix.

6

31.     During Greenberg's employment, Dupré issued her a company-owned laptop computer for her business use. Greenberg returned this laptop to Dupré upon her resignation.

32.     Subsequent expert forensic analysis of this laptop revealed that two days before her resignation, and prior to returning the laptop, Greenberg used the laptop to copy onto a portable thumb-drive hundreds of data files containing confidential and trade secret business information owned by Dupré.

33.     Specifically, forensic analysis of the laptop issued to Greenberg by Dupré revealed the following sequence of events on the morning of March 14, 2023 (two days before Greenberg's March 16, 2023, resignation from Dupré):

   a)     At 6:34 a.m., Greenberg created a Microsoft Word file on the laptop that she named "Shannan Greenberg resignation 03162023.docx."

   b)     At 6:47 a.m., Greenberg inserted a USB data storage device (known as a "thumb-drive") into a port on the laptop.

   c)     Within seconds after connecting the thumb-drive, files located on Dupré's corporate server in Louisiana and on the laptop itself were accessed from the laptop in very rapid succession, indicating the files were being copied by Greenberg onto the thumb-drive.

   d)     In all, Greenberg accessed and copied to the thumb-drive over 400 data files from Dupré's corporate server and from the laptop itself.

   e)     At 7:34 a.m., the thumb-drive was disconnected from the laptop.

34.     Forensic examination has further revealed precisely which 400 computer files were accessed by Greenberg on the morning of March 14, 2023, and copied to her thumb-drive.

Those 400 files contained a treasure-trove of confidential and trade secret information owned by Dupré, including customer lists, bid information, load information, pricing, and other sensitive business information that would be of great value to Greenberg and Quantix in competing with Dupré.

35.   The fact Greenberg copied this confidential and trade secret information to her thumb-drive at the precise time she was writing her letter of resignation to Dupré indicates beyond doubt that she intended to unlawfully use and disclose this information in the course of her imminent employment with Quantix, for the economic benefit of herself and Quantix and while engaging in direct competition with Dupré.

36.   Further, while actively employed by Dupré as Branch Manager of the Houston Branch Office, a position of trust and confidence, Greenberg solicited and encouraged seven other active employees in the Houston Branch Office to resign their employment with Dupré *en masse* and immediately accept competing employment with Quantix, and Greenberg actively colluded and conspired with those seven other employees to resign at the same time and as a group to accept competing employment with Quantix.

37.   The object of Greenberg's solicitation and the resulting conspiracy was realized when eight employees, including Greenberg herself, left their employment with Dupré on or about March 16, 2023, to take competing employment with Quantix.

38.   Greenberg thereby violated her fiduciary duty of loyalty to Dupré imposed by Texas common law, and she engaged in an unlawful conspiracy together with other employees in the Houston Branch Office, and with Quantix, to violate all eight employees' duties of loyalty to Dupré.

39.   Dupré has been damaged and will continue to be damaged by Greenberg's theft and use of its trade secrets, by her violation of her duty of loyalty to Dupré, and by her conspiracy with other employees to violate their duties of loyalty to Dupré.

### Defendant Logan A. Coffman

40.   Between October 12, 2020, and March 16, 2023, Coffman was a regular, full-time employee of Dupré.

41.   At all relevant times, he was a Senior Account Manager in Dupré's Houston Branch Office. As Senior Account Manager, Coffman was responsible for developing new business and new freight customers for Dupré and for managing and servicing Dupré's existing freight customers and accounts.

42.   Senior Account Manager is a position of trust and confidence, and Coffman was given access to Dupré's confidential and trade secret information to perform his job duties, and he was given substantial leeway and discretion in the performance of his duties.

43.   Coffman was also responsible for ensuring the protection and security of Dupré's confidential and trade secret business information, including rates, pricing, expenses, customer lists, capabilities, business operations, and other information that could prove of value to Dupré's competitors.

44.   On March 16, 2023, Coffman resigned his employment with Dupré. Within a matter of a few days, he accepted employment with Quantix as an Account Manager, performing the same or substantially similar duties as those he performed for Dupré, including the acquisition of new freight business and new freight customers for Quantix.

45.   During his employment with Dupré, Coffman was assigned to service Dupré's account

with Schütz Container Systems, Inc. ("Schütz"). This was one of the largest accounts by volume in the Houston Branch Office. To service this account, Coffman was given access to, and possessed and used, confidential and trade secret information owned by Dupré relating to its freight business with Schütz.

46.     Immediately upon accepting employment with Quantix, Coffman turned around and solicited freight business from Schütz on behalf of Quantix. In doing so, Coffman intentionally, inevitably, and unlawfully used and disclosed specific confidential and trade secret information owned by Dupré concerning its bids, pricing, capacity, and other information related to the freight-movement needs of Schütz.

47.     Coffman thereby unlawfully and inevitably misappropriated and used trade secret information owned by Dupré to engage in direct and unfair competition with Dupré for the benefit of himself and his employer, Quantix.

48.     Dupré has been damaged by Coffman's unlawful use and disclosure of Dupré's own confidential and trade secret business information for the purpose of unfairly competing with Dupré.

49.     Further, while actively employed by Dupré as Senior Account Manager in the Houston Branch Office, a position of trust and confidence, Coffman solicited and encouraged seven other active employees in the Houston Branch Office to resign their employment with Dupré *en masse* and immediately accept competing employment with Quantix, and Coffman actively colluded and conspired with those seven other employees to resign at the same time and as a group to accept competing employment with Quantix.

50.     The object of Coffman's solicitation and the resulting conspiracy was realized when eight

employees, including Coffman himself, left their employment with Dupré on or about March 16, 2023, to take competing employment with Quantix.

51.      Coffman thereby violated his fiduciary duty of loyalty to Dupré imposed by Texas common law, and he engaged in an unlawful conspiracy together with other employees in the Houston Branch Office, and with Quantix, to violate all eight employees' duties of loyalty to Dupré.

52.      Dupré has been damaged and will continue be damaged by Coffman's theft and use of its trade secrets, by his violation of his duty of loyalty to Dupré, and by his conspiracy with other employees to violate their duties of loyalty to Dupré.

## Defendant Quantix Supply Chain Solutions, Inc.

53.      Quantix unlawfully received, misappropriated, used, and disclosed Dupré's confidential and trade secret information by permitting or encouraging Greenberg, expressly or tacitly, to misappropriate, use, and disclose Dupré's information, and to use that information in the course of her employment with Quantix, for the economic benefit of herself and Quantix, and in direct and unfair competition with Dupré. Quantix did so in unlawful conspiracy with Greenberg.

54.      Dupré has been damaged by Quantix's said misappropriation of Dupré's confidential and trade secret business information and by its conspiracy with Greenberg to do so.

55.      By permitting Coffman, expressly or tacitly, to use and disclose Dupré's confidential and trade secret business information in the course of his employment with Quantix, Quantix unlawfully received, misappropriated, used, and disclosed said information for its own economic benefit in direct and unfair competition with Dupré, and it did so in unlawful

conspiracy with Coffman.

56.     On March 22, 2023, counsel for Dupré wrote to the three Defendants (together with other former employees of Dupré in the Houston Branch Office) demanding they cease and desist from further unlawful misappropriation of Dupré's protected trade secret information.

57.     On April 6, 2023, counsel for Dupré wrote a second letter to counsel for Defendants and other former employees describing Dupré's forensic findings that Greenberg had misappropriated Dupré's trade secrets on March 14, 2023.

58.     However, despite these notices and demands, Defendants have continued to insist no unlawful misappropriation has taken place, and they have refused to take remedial or protective measures.

59.     Dupré has been damaged by Quantix's misappropriation of Dupré's confidential and trade secret business information, and by its conspiracy with Coffman to do so.

60.     As alleged above, on or about March 16, 2023, eight employees working in the Houston Branch Office colluded and conspired, while still actively employed by Dupré, to resign their employment *en masse* to accept immediate employment with Quantix in competing positions substantially similar to those they held with Dupré.

61.     Quantix was an active participant and co-conspirator in this conspiracy between and among Greenberg, Coffman, and six other individuals to violate their fiduciary duties of loyalty to Dupré. This active participation by Quantix in said conspiracy violated the common law of the State of Texas and Dupré was damaged as a result.

62.     Dupré has been damaged and will continue to be damaged by Quantix's misappropriation, use, and disclosure of Dupré's trade secrets, and by Quantix's unlawful conspiracy with

employees of Dupré to violate their duties of loyalty to Dupré imposed by Texas common law.

### COUNT I: Misappropriation of trade secrets by Defendant Shannan L. Greenberg in violation of the Defend Trade Secrets Act

63.     Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

64.     Greenberg unlawfully stole, converted, copied, duplicated, downloaded, misappropriated, used, disclosed, and delivered to Quantix the valuable trade secrets of Dupré as aforesaid. She did so intentionally, with malice, and intending and knowing such misappropriation would injure and cause damage to Dupré within the meaning of 18 U.S.C. § 1832(a).

65.     Greenberg further unlawfully conspired with Quantix and other persons to misappropriate Dupré's trade secrets as aforesaid, and she performed overt acts in furtherance of the conspiracy, all within the meaning of 18 U.S.C. § 1832(a)(5).

66.     Said trade secrets misappropriated by Greenberg were related to a product and service provided by Dupré in interstate commerce within the meaning of 18 U.S.C. § 1832(a), to wit: the transportation of goods in interstate commerce.

67.     Dupré was damaged as a direct result of Greenberg's said misappropriation, and her conspiracy to misappropriate, Dupré's trade secret information, and Dupré brings this action to recover its damages pursuant to 18 U.S.C. § 1832(b)(1).

68.     Dupré is entitled to recover from Greenberg its actual loss caused by her misappropriation, use, and disclosure of Dupré's trade secrets, and by her conspiracy to do so, together with damages for any unjust enrichment caused by Greenberg's misappropriation, use, and disclosure of said trade secrets not addressed in computing damages for actual loss.

69.     Greenberg's misappropriation, use, and disclosure of Dupré's trade secrets, and her conspiracy to do so, was willful and malicious such that Dupré is entitled to: (1) an award of exemplary damages against her of two times the amount of damages awarded Dupré for its actual loss and unjust enrichment pursuant to 18 U.S.C. § 1836(b)(3)(C); and (2) an award of Dupré's reasonable attorney's fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

### COUNT II: <u>Misappropriation of trade secrets by Defendant Logan A. Coffman in violation of the Defend Trade Secrets Act</u>

70.     Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

71.     Coffman unlawfully stole, converted, copied, duplicated, downloaded, misappropriated, used, disclosed, and delivered to Quantix the valuable trade secrets of Dupré as aforesaid, and he did so intentionally, with malice, and intending and knowing such misappropriation would injure and cause damage to Dupré within the meaning of 18 U.S.C. § 1832(a).

72.     Further, Coffman unlawfully conspired with Quantix and other persons to misappropriate Dupré's trade secret information as aforesaid, and he performed overt acts in furtherance of the conspiracy, all within the meaning of 18 U.S.C. § 1832(a)(5).

73.     Said trade secrets misappropriated by Coffman were related to a product and service provided by Dupré in interstate commerce within the meaning of 18 U.S.C. § 1832(a), to wit: the transportation of goods in interstate commerce.

74.     Dupré was damaged as a direct result of Coffman's said misappropriation, and his conspiracy to misappropriate, Dupré's trade secret information, and Dupré brings this action to recover its damages pursuant to 18 U.S.C. § 1832(b)(1).

75.     Dupré is entitled to recover from Coffman its actual loss caused by his misappropriation,

use, and disclosure of Dupré's trade secrets, and by his conspiracy to do so, together with damages for any unjust enrichment caused by Coffman's misappropriation, use, and disclosure of said trade secrets not addressed in computing damages for actual loss.

76.   Coffman's misappropriation, use, and disclosure of Dupré's trade secrets, and his conspiracy to do so, was willful and malicious such that Dupré is entitled to: (1) an award of exemplary damages against him of two times the amount of damages awarded Dupré for its actual loss and unjust enrichment pursuant to 18 U.S.C. § 1836(b)(3)(C); and (2) an award of Dupré's reasonable attorney's fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

**COUNT III: <u>Misappropriation of trade secrets by Defendant
Quantix Supply Chain Solutions, LLC in violation of the Defend Trade Secrets Act</u>**

77.   Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

78.   Quantix unlawfully misappropriated, received, possessed, used, and disclosed, by and through the acts of its employees and agents, the valuable trade secrets of Dupré as aforesaid knowing such information was stolen, misappropriated, obtained, and converted without authorization.

79.   Quantix committed said acts intentionally, with malice, and intending and knowing such misappropriation would injure and cause damage to Dupré within the meaning of 18 U.S.C. § 1832(a).

80.   Quantix further unlawfully conspired with Greenberg, Coffman, and other individuals to misappropriate Dupré's trade secret information as aforesaid, and it performed overt acts in furtherance of the conspiracy, all within the meaning of 18 U.S.C. § 1832(a)(5).

81.   Said trade secrets misappropriated by Quantix were related to a product and service

provided by Dupré in interstate commerce within the meaning of 18 U.S.C. § 1832(a), to wit: the transportation of goods in interstate commerce.

82.    Dupré was damaged as a direct result of Quantix's said misappropriation, and by its conspiracy to misappropriate, Dupré's trade secret information, and Dupré brings this action to recover its damages pursuant to 18 U.S.C. § 1832(b)(1).

83.    Dupré is entitled to recover from Quantix its actual loss caused by Quantix's misappropriation, use, and disclosure of Dupré's trade secrets, and by its conspiracy to do so, together with damages for any unjust enrichment caused by Quantix's misappropriation, use, and disclosure of said trade secrets not addressed in computing damages for actual loss.

84.    Quantix's misappropriation, use, and disclosure of Dupré's trade secrets, and its conspiracy to do so, was willful and malicious such that Dupré is entitled to: (1) an award of exemplary damages against him of two times the amount of damages awarded Dupré for its actual loss and unjust enrichment pursuant to 18 U.S.C. § 1836(b)(3)(C); and (2) an award of Dupré's reasonable attorney's fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

**COUNT IV: <u>Misappropriation of trade secrets by Defendant Shannan L. Greenberg in violation of the Texas Uniform Trade Secrets Act</u>**

85.    Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

86.    Greenberg acquired valuable trade secrets owned by Dupré by improper means as aforesaid, and she unlawfully misappropriated, used, and disclosed said trade secrets, and delivered them to Quantix, in violation of Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq.*

87.     Dupré was damaged as a direct result of Greenberg's said misappropriation, use, and disclosure of Dupré's trade secrets, and Dupré brings this action to recover its damages pursuant to Tex. Civ. Prac. & Rem. Code § 134A.004.

88.     Dupré is entitled to recover from Greenberg its actual loss caused by her misappropriation, use, and disclosure of Dupré's trade secret information, together with damages for any unjust enrichment caused by Greenberg's misappropriation, use, and disclosure of said trade secret information not taken into account in computing actual loss.

89.     Greenberg's misappropriation, use, and disclosure of Dupré's trade secrets was willful and malicious such that Dupré is entitled to: (1) an award of exemplary damages against her of two times the amount of damages awarded Dupré for its actual loss and unjust enrichment pursuant to Tex. Civ. Prac. & Rem. Code § 134A.004(b); and (2) an award of Dupré's reasonable attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 134A.005.

### COUNT V: <u>Misappropriation of trade secrets by Defendant Logan A. Coffman in violation of the Texas Uniform Trade Secrets Act</u>

90.     Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

91.     Coffman acquired valuable trade secrets owned by Dupré by improper means as aforesaid, and he unlawfully misappropriated, used, and disclosed said trade secrets, and delivered them to Quantix, in violation of Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq.*

92.     Dupré was damaged as a direct result of Coffman's said misappropriation, use, and disclosure of Dupré's trade secrets, and Dupré brings this action to recover its damages pursuant to Tex. Civ. Prac. & Rem. Code § 134A.004.

93.     Dupré is entitled to recover from Coffman its actual loss caused by his misappropriation,

use, and disclosure of Dupré's trade secrets, together with damages for any unjust enrichment caused by Coffman's misappropriation, use, and disclosure of said trade secrets not taken into account in computing actual loss.

94.     Coffman's misappropriation, use, and disclosure of Dupré's trade secrets was willful and malicious such that Dupré is entitled to: (1) an award of exemplary damages against him of two times the amount of damages awarded Dupré for its actual loss and unjust enrichment pursuant to Tex. Civ. Prac. & Rem. Code § 134A.004(b); and (2) an award of Dupré's reasonable attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 134A.005.

**COUNT VI: <u>Misappropriation of trade secrets by Defendant
Quantix Supply Chain Solutions, LLC in violation of the Texas Uniform Trade Secrets Act</u>**

95.     Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

96.     Quantix acquired valuable trade secrets owned by Dupré as aforesaid, and unlawfully misappropriated, used, and disclosed said trade secrets knowing they had been acquired by improper means, all in violation of Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq.*

97.     Dupré was damaged as a direct result of Quantix's said misappropriation, use, and disclosure of Dupré's trade secrets, and Dupré brings this action to recover its damages pursuant to Tex. Civ. Prac. & Rem. Code § 134A.004.

98.     Dupré is entitled to recover from Quantix its actual loss caused by Quantix's misappropriation, use, and disclosure of Dupré's trade secret information, together with damages for any unjust enrichment caused by Quantix's misappropriation, use, and disclosure of said trade secret information not taken into account in computing actual loss.

99.     Quantix's misappropriation, use, and disclosure of Dupré's trade secrets was willful and

malicious such that Dupré is entitled to: (1) an award of exemplary damages against it of two times the amount of damages awarded Dupré for its actual loss and unjust enrichment pursuant to Tex. Civ. Prac. & Rem. Code § 134A.004(b); and (2) an award of Dupré's reasonable attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 134A.005.

### COUNT VII: Breach of fiduciary duty of loyalty to employer by Defendant Shannan L. Greenberg

100. Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

101. While acting in her capacity as Branch Manager of Dupré's Houston Branch Office, Greenberg held a position of authority, trust, confidence, and agency with respect to her employer, Dupré. For that reason, Greenberg possessed a fiduciary duty to Dupré imposed by Texas common law to act primarily for the benefit of Dupré in matters connected with her agency. *Wooters v. Unitech International, Inc.,* 513 S.W.3d 754, 763 (Tex.App.-Houston 2017); *Abetter Trucking Company, Inc. v. Arizpe*, 113 S.W.3d 503, 510-512 (Tex.App.-Houston 2003).

102. In particular, while she was still employed by Dupré, Greenberg had a duty not to solicit and encourage the resignation of other employees of Dupré in the Houston Branch Office for the purpose of their accepting employment with Quantix, a direct competitor of Dupré. *Id.*

103. Greenberg violated said duty to Dupré by soliciting and encouraging other employees in the Houston Branch Office to leave their employment with Dupré and take employment with Quantix. Greenberg's solicitation came to fruit on or about March 16, 2023, when eight employees of Dupré in its Houston Branch Office resigned *en masse*, together with

19

Greenberg herself, to immediately accept substantially similar competing employment with Quantix.

104.    Said breach was committed intentionally and with malice toward Dupré.

105.    Greenberg benefitted from her breach of fiduciary duty, and Dupré was damaged as a direct result of that breach.

106.    Dupré is therefore entitled to an order awarding its actual damages and loss for said breach, including its out-of-pocket losses and lost profits, together with an award of exemplary damages against Greenberg.

### COUNT VIII: Conspiracy to breach fiduciary duty of loyalty to employer by Defendant Shannan L. Greenberg

107.    Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

108.    While still employed by Dupré, Greenberg, acting in concert with Coffman, Quantix, and other individuals, unlawfully conspired to solicit and encourage employees of Dupré in its Houston Branch Office to resign their employment with Dupré and accept employment with Quantix, a direct competitor of Dupré.

109.    Said conspiracy was undertaken for the unlawful purpose of breaching the fiduciary duties to Dupré owed by Greenberg, Coffman, and others under Texas common law, and/or to accomplish an otherwise lawful purpose by unlawful means.

110.    Greenberg performed overt acts in furtherance of said conspiracy, to wit: soliciting other employees of Dupré to resign their employment to accept employment with Quantix, and resigning herself to accept employment with Quantix.

111.    Dupré was damaged as a direct result of Greenberg's said conspiracy to breach the

fiduciary duties of herself and others, and Dupré is entitled to an order awarding its damages for said conspiracy.

### COUNT IX: <u>Breach of fiduciary duty of loyalty to employer</u><br><u>by Defendant Logan A. Coffman</u>

112.   Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

113.   While acting in his capacity as Senior Account Manager in Dupré's Houston Branch Office, Coffman held a position of authority, trust, confidence, and agency with respect to his employer, Dupré. Therefore, he had a fiduciary duty to Dupré imposed by Texas common law to act primarily for the benefit of Dupré in matters connected with his agency. <u>Wooters v. Unitech International, Inc.</u>, 513 S.W.3d 754, 763 (Tex.App.-Houston 2017); <u>Abetter Trucking Company, Inc. v. Arizpe</u>, 113 S.W.3d 503, 510-512 (Tex.App.-Houston 2003).

114.   In particular, while he was still working for Dupré, Coffman had a duty not to solicit or encourage the resignation of other employees of Dupré in the Houston Branch Office for the purpose of their accepting employment with Quantix, a direct competitor of Dupré. <u>Id.</u>

115.   Coffman violated his said fiduciary duty to Dupré by soliciting and encouraging other employees in the Houston Branch Office to leave their employment with Dupré and accept employment with Quantix. Coffman's solicitation came to fruit on or about March 16, 2023, when eight employees of Dupré in its Houston Branch Office resigned *en masse*, together with Coffman himself, to immediately accept substantially similar competing employment with Quantix.

116.   Said breach was committed intentionally and with malice toward Dupré.

117.   Coffman benefitted from his breach of fiduciary duty, and Dupré was damaged as a direct result of that breach.

118.   Dupré is therefore entitled to an order awarding its actual damages and loss for said breach, including its out-of-pocket losses and lost profits, together with an award of exemplary damages against Coffman.

### COUNT X: <u>Conspiracy to breach fiduciary duty of loyalty to employer by Defendant Logan A. Coffman</u>

119.   Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

120.   While still employed by Dupré, Coffman, acting in concert with Greenberg, Quantix, and other individuals, unlawfully conspired to solicit and encourage employees of Dupré to resign their employment with Dupré and accept employment with Quantix, a direct competitor of Dupré.

121.   Said conspiracy was undertaken for the unlawful purpose of breaching the fiduciary duties to Dupré owed by Coffman, Greenberg, and others under Texas common law, and/or to accomplish an otherwise lawful purpose by unlawful means.

122.   Coffman performed overt acts in furtherance of said conspiracy, to wit: soliciting other employees of Dupré to resign their employment to accept employment with Quantix, and resigning himself to take employment with Quantix.

123.   Dupré was damaged as a direct result of Coffman's said conspiracy to breach the fiduciary duties of himself and others, and Dupré is entitled to an order awarding its damages for said conspiracy.

**COUNT XI: <u>Conspiracy to cause breach of fiduciary duty of loyalty</u>**
**<u>to employer by Defendant Quantix Supply Chain Solutions, Inc.</u>**

124.  Plaintiff restates and realleges all the allegations contained in paragraphs 1 through 62 of this Complaint.

125.  Quantix, acting in concert with Greenberg, Quantix, and other individuals, unlawfully conspired to solicit and encourage employees of Dupré to resign their employment with Dupré and accept employment with Quantix, a direct competitor of Dupré.

126.  Said conspiracy was undertaken for the unlawful purpose of breaching the fiduciary duties owed to Dupré by Greenberg, Coffman, and others under Texas common law, and/or to accomplish the otherwise lawful purpose by unlawful means.

127.  Quantix knowingly participated in said conspiracy to breach the fiduciary duties of Greenberg, Coffman, and other employees of Dupré, and Quantix improperly benefited from its participation in that conspiracy by acquiring employees with specialized skills and knowledge in the freight logistics industry, by acquiring confidential and trade secret information owned by Dupré, and by engaging in unfair competition with Dupré.

128.  Quantix performed overt acts in furtherance of said conspiracy, to wit: soliciting and enticing active employees of Dupré to resign their employment to take employment with Quantix, and hiring those individuals as employees of Quantix in competing positions substantially similar to those they held with Dupré.

129.  Dupré was damaged as a direct result of Quantix's said conspiracy to breach the fiduciary duties of Dupré's employees, and Dupré is entitled to an order awarding its damages against Quantix.

## COUNT XII: Permanent injunctive relief against all Defendants

130.    Plaintiff is entitled to permanent injunctive relief forever preventing and barring any Defendant from actual or threatened misappropriation, use, or disclosure of Plaintiff's trade secret information.

131.    Plaintiff is further entitled to an order requiring all Defendants to return to Plaintiff any and all devices any Defendant used to carry away and/or store Plaintiff's trade secret information; and an order requiring Defendants to permanently and irrevocably destroy beyond recall all written and electronic copies of Plaintiff's trade secret information that Defendants may have made.

132.    Plaintiff is entitled to such permanent injunctive relief pursuant to 18 U.S.C. § 1836(b)(3)(A) and Tex. Civ. Prac. & Rem. Code § 134A.003.

## JURY DEMAND

133.    Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Court:

134.    Find the conduct engaged in by Defendants, as aforesaid, violated the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1831, *et seq.*), the Texas Uniform Trade Secrets Act (Tex. Civ. Prac. & Rem. Code § 134A, *et seq.*), and the common law of the State of Texas;

135.    Permanently enjoin and restrain Defendants from actual or threatened misappropriation, use, or disclosure of Plaintiff's trade secret information;

136.    Order all Defendants to return to Plaintiff any and all devices Defendants used to carry away and/or store Plaintiff's trade secret information; and order Defendants to permanently

and irrevocably destroy beyond recall all written and electronic copies of Plaintiff's trade secret information that Defendants may have made;

137.    Award Plaintiff its damages for Defendants' misappropriation, use, and disclosure of Plaintiff's trade secrets and their unlawful conspiracy to do so, and for Defendants' breach of fiduciary duty to Plaintiff and their unlawful conspiracy to do so;

138.    Award Plaintiff exemplary damages against all Defendants pursuant to 18 U.S.C. § 1836(b)(3)(C) and Tex. Civ. Prac. & Rem. Code § 134A.004(b);

139.    Award Plaintiff its reasonable attorney's fees and other costs incurred in the prosecution of this action pursuant to 18 U.S.C. § 1836(b)(3)(D) and Tex. Civ. Prac. & Rem. Code § 134A.005;

140.    Award Plaintiff pre-judgment and post-judgment interest at the maximum rate allowed by law; and

141.    All other relief to which Plaintiff may entitled in law or equity.

Respectfully submitted,

DUPRE LOGISTICS, LLC, Plaintiff

Joseph F. Gilker,
Attorney-in-Charge
Ark. Bar No. 85219
U.S.D.C. S.D.TX. No. 29742
Gilker and Jones, P.A.
9222 North Highway 71
Mountainburg, Arkansas 72946
Telephone: (479) 369-4294
E-mail:gilkerlaw@aol.com

25

Michael Locklar
Texas Bar No. 24010194
Ewing & Jones, PLLC
6363 Woodway, Suite 1000
Houston, Texas 77057
Telephone: (713) 590-9600
E-mail:mlocklar@ewingjones.com

Keith Jaasma
Texas Bar No.00794014
U.S.D.C. S.D.TX. No. 20586
Ewing & Jones, PLLC
6363 Woodway, Suite 1000
Houston, Texas 77057
Telephone:   (713) 590-9675
E-mail:   kjaasma@ewingjones.com

By: /s/Joseph F. Gilker
       Joseph F. Gilker