Case 4:23-cv-01505   Document 34   Filed on 02/13/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUPRE LOGISTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01505 |
| | § | |
| SHANNAN L. GREENBERG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the plaintiff's, Dupre Logistics, LLC, ("Dupre"), motion for partial summary judgment (Dkt. No. 27). The defendants, Shannan L. Greenberg ("Greenberg"), and Quantix SXS, LLC ("Quantix"), have filed a response to the plaintiff's motion (Dkt. No. 28), and the plaintiff has filed a reply (Dkt. No. 29). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the plaintiff's motion should be **DENIED**.

**II.   FACTUAL BACKGROUND & CONTENTIONS**

This case arises as a result of the departure of several employees from Dupre Logistics, LLC, and their subsequent employment at Quantix SCS, LLC, in March 2023. Dupre alleges that Greenberg, while still employed at Dupre, breached her fiduciary duty to Dupre by conspiring with Quantix to recruit Dupre's employees away from Dupre. Both Greenberg and Quantix deny these allegations, asserting that the departing employees made independent decisions to leave, and that Greenberg's actions were legally permissible under Texas law.

Greenberg was employed by Dupre in a position of significant trust and responsibility. In early 2003, she decided to leave Dupre for a position at Quantix. Prior to her departure, however she informed several colleagues of her decision and encouraged them to consider employment opportunities at Quantix. She provided them with a name of Amy Armstrong, a recruiter at Quantix, and facilitated their communication regarding potential employment. Additionally, she collected and transmitted personnel and compensation information of the employees to Quantix and recommended that they be hired. Quantix ultimately extended offers to seven Dupre employees, all of whom accepted and resigned from Dupre around the same time as Greenberg.

Dupre contends that Greenberg's actions went beyond permissible job discussions and constituted an active effort to solicit employees on behalf of Quantix while still employed by Dupre. Dupre also argues that these actions directly caused the employees' departure, significantly harming Dupre's Houston operations. Dupre further asserts that Quantix worked in concert with Greenberg to recruit these employees, conduct amounting to a conspiracy and breach of Greenberg's fiduciary duty to Dupre.

Greenberg and Quantix, in response, argue that Greenberg's conduct was lawful under Texas legal precedent, which permits at-will employees to prepare for future employment and inform colleagues of job opportunities without breaching fiduciary obligations. They further contend that Dupre did not have non-compete agreements in place to restrict employees from seeking employment with competitors. Finally, they argue, there were independent reasons why the employees left Dupre, including dissatisfaction with their roles and better opportunities at Quantix.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### IV. ANALYSIS & DISCUSSION

The Court finds that Dupre has not met its burden to establish that there are no genuine issues of material fact regarding its claim of breach of fiduciary duty by Greenberg. As well, Dupre's claim of conspiracy to breach fiduciary duty against Greenberg and Quantix also fails. Under Texas law, employees owe their employers a limited fiduciary duty, but this duty does not prohibit an employee from preparing to compete against their employer or from engaging in certain pre-departure discussions with a competitor about alternative employment opportunities. The undisputed evidence in this case demonstrates that while Greenberg took steps to facilitate her departure and that of her colleagues, those steps do not, as a matter of law, rise to the level of breach of fiduciary duty or conspiracy to breach her fiduciary duty.

Texas courts have long recognized that an at-will employee may properly plan to compete with her employer and take active steps to do so while still employed, provided she does not engage

in active solicitation or misuse confidential information. See, *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 201 (Tex. 2002). The Texas Supreme Court has further emphasized that absent special circumstances, an employee may even secretly join with other employees in a competing endeavor without violating duties owed to the employer. *Id*. The right to compete is firmly protected under Texas law, and an employer that seeks to restrict an employee's post-employment competitive activity must do so through a non-compete agreement. Dupre did not secure such an agreement with Greenberg or the departing employees, and it cannot now retroactively impose broader fiduciary obligations upon them than those recognized under Texas law.

Whether the steps Greenberg took in relation to her departure and recruiting of her colleagues, constitute a breach of her fiduciary duties to Dupre, is a disputed fact issue that must be resolved by the fact-finder. It is for the fact-finder to determine whether Greenberg's preparations to depart Dupre and to take employment with a competitor constitute a breach. See, *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 510 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Likewise, Dupre has failed to establish, as a matter of law, that Greenberg and Quantix engaged in a conspiracy to breach a fiduciary duty. To succeed on a civil conspiracy claim under Texas law, a plaintiff must demonstrate that there was: (1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful acts, and (5) damages caused by those acts. *Juhl v. Arlington,* 936 S.W.2d 640, 644 (Tex. 1996). The evidence fails to demonstrate as a matter of law, that a conspiracy to harm Dupre was afoot. As stated earlier, the fact-finder must weigh the evidence and determine where the preponderance of the evidence rest.

For these reasons, the Court finds that Dupre has failed to demonstrate the absence of genuine factual disputes as to its claims. Accordingly, the Dupre's motion for partial summary judgment is **DENIED**.

It is so ORDERED.

SIGNED on February 13, 2025, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge